LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUSTIN WASHINGTON,<br>*on behalf of himself, FLSA*<br>*Collective Plaintiffs, and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>PJ NATIONAL HOLDINGS LLC,<br>PJ NATIONAL MANAGEMENT LLC,<br>PJ NATIONAL BROOKLYN LLC<br>d/b/a PAPA JOHN'S,<br>and JOHN DOE RESTAURANTS 1-40,<br>d/b/a PAPA JOHN'S<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff JUSTIN WASHINGTON ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PJ NATIONAL HOLDINGS LLC, PJ NATIONAL MANAGEMENT LLC, PJ NATIONAL BROOKLYN LLC d/b/a PAPA JOHN'S, and JOHN DOE RESTAURANTS 1-40 (collectively, "Corporate Defendants" or "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated, are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime premium, due to time shaving, (2) unreimbursed expenses, (3) liquidated damages, and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime premium, due to time-shaving, (2) unreimbursed expenses, (3) unpaid spread of hours, (4) unpaid call in-pay, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

3.     Plaintiff, putative collective members, and putative class members were all former employees working for Defendants Papa John's pizza establishments and were all victims of Defendants' scheme to underpay employees and avoid paying overtime.  Plaintiff brings this wage and hour class action on behalf of himself and all persons, who during the applicable state and federal limitations periods up to and including the present (the "Class Period"), were similarly underpaid by Defendants in violation of protections afforded under the FLSA and laws and regulations of both New York and New Jersey.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.     Plaintiff, JUSTIN WASHINGTON is a resident of New York County, New York.

7.     At all relevant times, Defendants collectively owned and operated at least twenty-nine pizza establishments all doing business as "Papa John's" and/or "Papa John's Pizza" in New York and New Jersey at the following locations:

(a)    529 Stanley Avenue, Brooklyn, New York 11207 ("Papa John's Stanley");

(b)    2838 Atlantic Avenue, Brooklyn, New York 11207 ("Papa John's Atlantic");

(c)    8 Sutter Avenue, Brooklyn, New York 11212;

(d)    343 Grand St., New York, New York 10002;

(e)    362 E 204th St., Bronx, New York 10467;

(f)    601 Rogers Ave, Brooklyn, New York 11225;

(g)    703 Lenox Ave, New York, New York 10039;

(h)    868 E Tremont Ave, Bronx, New York 10460;

(i)    896 Amsterdam Avenue, New York, New York 10025;

(j)    1011 Broadway, Brooklyn New York 11221;

(k)    1520 Westchester Ave, Bronx, New York 10472;

(l)    1709 Amsterdam Ave, New York, New York 10031;

(m)    1915 Nostrand Ave, Brooklyn, New York 11226;

(n)    1979 Jerome Ave, Bronx, New York 10453;

(o)    2119 1st Ave, Bronx, New York 10453;

(p)    2733 White Plains Rd, Bronx, New York 10453;

(q)    3746 3rd Ave, Bronx, New York 10456;

(r)    3929 White Plains Rd, Bronx, New York 10466;

(s)    4117 Broadway, New York, New York 10033;

(t)    43-04 National St, Flushing, New York 11368;

(u)    90-35 Corona Ave, Elmhurst, New York 11373;

(v)    147-20 Rockaway Blvd, Jamaica, New York 11436;

(w)    2-10 Jerusalem Ave., Ste 10, Hicksville, New York 11801;

(x)    28 Guy Lombardo Ave, Freeport, New York 11520;

(y)    76 Lakeview Ave, Clifton, New Jersey 07011;

(z)    376 Queen Anne Rd, Teaneck, New Jersey 07666;

(aa)    443 Passaic St, Hackensack, New Jersey 07601;

(bb)    721 Anderson Ave, Cliffside Park, New Jersey 07010;

(cc)    759 St Georges Ave C, Woodbridge, New Jersey 07095;

(dd)    583 W Merrick Rd, Valley Stream, New York 11580; and

(ee)    1204 Hempstead Turnpike, Uniondale, New York 11553 (collectively with the two locations where Plaintiff worked, the "Restaurants").

8.    Plaintiff was employed by Defendants and assigned to work at the following two Restaurant locations: Papa John's Stanley and Papa John's Atlantic.

9.    The Restaurants are commonly owned and operated by Defendants as a single integrated enterprise under the common control of the Defendants and the Restaurants are engaged in related activities, share common ownership, and have a common business purpose:

(a) Defendants all share common ownership and management through parent companies PJ NATIONAL HOLDINGS LLC and PJ NATIONAL MANAGEMENT LLC.

(b) Defendant PJ National Holdings, LLC acknowledges their role as the employer of Restaurant employees in their application for a PPP loan, for which they claimed to have a retained during the COVID a workforce of over 400 employees. *See* **Exhibit A**, SBA Loan Data.  On behalf of these employees PJ National HOLDINGS, LLC received a loan of approximately $1,500,000.

(c) Defendants advertise for all of their location on one (1) single website, available at: https://www.pjnational.com/.

(d) Defendants admit that they jointly operate Restaurants. *See* **Exhibit B** ("PJ National operates stores located in New York City, New Jersey.").

(e) All Restaurants share a common career page where potential employees apply to a common human resources department.  available at: https://harri.com/Pj-National. *See* **Exhibit C**.

(f) Each Restaurant location is engaged in the same business of providing Papa John's pizza and other food items to customers.

(g) The Restaurants within New York State and New Jersey are commonly owned and operated by parent company, Defendant PJ NATIONAL LLC. *See* **Exhibit A** and **B.**

(h) All Restaurants share the same logo, and also provide the same job descriptions, job responsibilities with respect to the two positions offered, e.g., "Delivery Driver," or "Team Member," and "Papa John's Perks." *See* **Exhibit D**.

(i) Employees, food, and supplies are interchangeable among all Restaurant locations. Throughout Plaintiff's employment with Defendants, Defendants frequently transferred employees, including Plaintiff, among the Restaurants to

4

perform work on an as-needed basis. Defendants also directed employees, including Plaintiff, to deliver food and supplies among the Restaurants on an as-needed basis.

(j) The Restaurants share payroll methods and have a single, centralized system of labor relations for employees, including employee scheduling.

(k) When Plaintiff was made to work at both Papa John's Stanley and Papa John's Atlantic, he would be paid on a single paystub as Defendants use a central department, which handles timekeeping, payroll, and management.

10.     Defendant PJ NATIONAL HOLDINGS LLC is incorporated and organized under the laws of Delaware. Its service of process address is 919 N. Market Street, Ste 725, Wilmington, DE, 19801, and its principal place of business located at 712 Fifth Avenue, 27th Floor, New York, New York 10019.

11.     Defendant PJ NATIONAL MANAGEMENT LLC is a domestic business corporation operating in New York and organized under the laws of New York. Its principal place of business and service of process address is Attn: Aaron Chaus, 712 Fifth Avenue, 27th Floor, New York, New York 10019.

12.     Defendants PJ HOLDINGS LLC and PJ NATIONAL MANAGEMENT LLC are the top-level entities that ultimately control and operate all Restaurants nominally owned by their subsidiaries such as PJ NATIONAL BROOKLYN LLC and JOHN DOE CORPORATIONS 1-40.

13.     Defendant PJ NATIONAL BROOKLYN LLC is a subsidiary of PJ HOLDINGS LLC and PJ NATIONAL MANAGEMENT LLC and is incorporated and organized under the laws of Delaware. Its principal place of business is 529 Stanley Avenue Unit 531, Brooklyn, New York 11207-7719 and its service of process address is 919 N. Market Street, Ste 725, Wilmington, DE, 19801.

14.    Defendant JOHN DOE CORPORATIONS 1-40 are individual owners of Papa John's restaurants and are subsidiaries of PJ HOLDINGS LLC and PJ NATIONAL MANAGEMENT LLC, which operate all its subsidiaries' Papa John's through common payroll and pay policies.

15.    At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

16.    At all relevant times, the Defendants were "employer[s]" and "person[s]" within the meaning of Section 15(a) of the FLSA and Section 215 of the NYLL.

17.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all current and former non-exempt employees (including but not limited to, delivery persons, cooks, cashiers, janitors, food preparers, and dishwashers) employed by Defendants in New York and New Jersey on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

19.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages for all hours worked, including overtime premium at one-and-one-half times the regular rate for all hours worked over forty (40) hours, due to an illegal policy of time-shaving, and for unreimbursed expenses for drivers who were not properly or fully compensated

for tools of the trade expenses. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK AND NEW JERSEY

21.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, delivery persons, cooks, cashiers, janitors, food preparers, and dishwashers), employed by Defendants in New York or New Jersey on or after the date that is six (6) years, or the relevant statutory period of each state as applicable by law, before the filing of the Complaint in this case (the "Class members").

22.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The class includes a subclass of employees working in New York or New Jersey who drove their personal vehicles to make deliveries for Defendants' and did not receive proper tools of the trade reimbursements ("Driver Subclass"), who also number over forty (40).

24.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including failing to pay proper wages for all hours worked, including overtime premium at one-and-one-half times the regular rate for all hours worked over forty (40) hours, due to an illegal policy of time-shaving. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.    Furthermore, Plaintiff WASHINGTON and the NY Subclass suffered due to Defendants' violations of NYLL. Defendants had corporate practices and policies of (i) failing to pay spread of hours premiums for shifts worked longer than ten (10) hours in duration, (ii) unpaid pay call-in pay, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law.

26.    Furthermore, Plaintiff WASHINGTON and the Driver Subclass suffered due to Defendants' failure to properly reimburse for tools of the trade expenses. Defendants had a policy

of only reimbursing twenty (20) cents a mile, a figure far below the Internal Revenue Service's standard mileage rates, which is currently 58.5 cents per mile.

27.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their current employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

       a.    Whether Defendants employed Plaintiff and the Class members within the meaning of each state's labor laws;

       b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

       c.    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

       d.    Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e.  Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.  Whether Defendants engaged in time-shaving practices by paying Plaintiff and Class members for scheduled hours only;

g.  Whether Defendants engaged in time-shaving practices by failing to compensate Plaintiff and Class members for deliveries made after clocking out;

h.  Whether Defendants paid Plaintiffs and Class members overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

i.  Whether Defendants required Plaintiff and Class members to perform unpaid off-the-clock work;

j.  Whether Defendants failed to pay spread of hours premiums, under NYLL;

k.  Whether Defendants failed to pay call-in pay, under NYLL;

l.  Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

m. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

## **STATEMENT OF FACTS**

32.  In or around April 2020, Plaintiff WASHINGTON was hired by Defendants to work as a delivery driver for Defendants' Papa John's Stanley Avenue restaurant located 529 Stanley Avenue, Brooklyn, New York 11207. In or around July 2020, Defendants' unilaterally

transferred Plaintiff to continue working at the Papa John's Atlantic Avenue restaurant. Plaintiff was employed by Defendants until August 2021.

33.     During his employment with Defendants, Plaintiff was scheduled to work six (6) days per week from 5:00 p.m. to 2:00 a.m. for a total of fifty-four (54) hours per week. FLSA Collective Plaintiffs and Class members had similar scheduled work hours.

34.     Throughout Plaintiff's employment, his pay rate was fifteen ($15) dollars per hour. FLSA Collective Plaintiffs and Class members were similarly compensated at or below the minimum wage on an hourly basis.

35.     Despite earning an hourly rate of fifteen ($15) dollars per hour, the minimum wage for New York City employees, Plaintiff was actually being compensated at a rate far beneath the minimum wage due to Defendants' policy (i) of not reimbursing drivers tools of the trade expenses, and (ii) of Defendants' policies of time-shaving.

36.     Plaintiff and delivery drivers working for Defendants were required to use their personal vehicles.  To reimburse this use of personal vehicles, Defendants reimbursed all delivery persons use of personal vehicles at a rate of twenty (20) cents per mile.  Such compensation was not reasonably calculated to reimburse employees expenses and falls far below the Internal Revenue Service's annual standard mileage rate, which is currently 58.5 cents per mile.

37.     Plaintiff, FLSA Collective Plaintiffs, and Driver Subclass members were forced to incur considerable expenses for gas, insurance, oil changes, and vehicle maintenance, which was never properly reimbursed by Defendants.

38.     Throughout Plaintiff's employment, orders for delivery would be placed towards the end of a delivery drivers' shifts.  For these end-of-shift delivery orders, it was Defendants' policy to have delivery drivers clock-out at the Restaurant location, but still deliver these end of

shift pizzas "on the way home."  Such requests were made even when the delivery address was nowhere near delivery drivers' home. Because drivers would clock-out prior to engaging in these end-of-shift delivery orders, drivers were not compensated for this additional work time.

39.    At both locations Plaintiff worked, his immediate supervisors would ask Plaintiff to clock out before making his final deliveries of the night. This occurred at least two (2) times per week, and as a result, Plaintiff was not compensated for the time he spent making these final deliveries, approximately thirty (30) minutes a week. Plaintiff had no choice but to comply with the instructions of his managers regarding clocking out before the last deliveries, because he knew that not doing so would cost him his job. However, as these hours were off the clock, Defendants did not compensate Plaintiff for this time. Based on Plaintiff's observations and conversations with other employees at Defendants' Restaurants, all FLSA Collective Plaintiffs and Class members who performed deliveries were required to clock out before making the final deliveries of their shifts.

40.    Although Plaintiff regularly worked in excess of forty (40) hours per workweek, Defendants never paid him the overtime premium for hours he worked beyond his scheduled shift, as these hours were not reflected in Plaintiff's time records, due to Defendants' policy of time shaving. Based on observations and conversations with other employees at Defendants' Restaurants, FLSA Collective Plaintiffs and Class members were similarly not compensated for hours worked over forty (40) in a workweek.

41.    Additionally, in making these final deliveries after his regular scheduled shift, and after he had already clocked out, Plaintiff consequently worked shifts that lasted ten (10) hours or more in duration. Yet, Defendants did not pay Plaintiff his spread of hours premium for these

shifts. Similarly, FLSA Collective Plaintiffs and Class members were not paid spread of hours premiums for shifts worked lasting ten (10) hours or more in duration.

42.    Defendants at each location would regularly send employees like Plaintiff home after only working for less than two hours. This occurred to Plaintiff alone between three (3) to four (4) times per week. When employees like Plaintiff asked his managers why they were being sent home, they were always told it was because "its not busy enough."

43.    On the days when Plaintiff was sent home early, which was usually at about 7:00 p.m., he was not provided any call-in premiums pay, in violation of NYLL. From Plaintiff's observations and conversations with other employees at Defendants' Restaurants, FLSA Collective Plaintiffs and Class members were also not compensated their call-in pay when sent home early.

44.    In addition to his duties as a delivery driver, Plaintiff was also required to sweep, mop, clean the Restaurant, wash dishes, go to the grocery store to purchase ingredients, and also travel between Defendants' two Papa John's locations to pick up ingredients. During Plaintiff's employment with Defendants, Plaintiff, FLSA Collective Plaintiffs and Class members were interchangeable among Defendant's Restaurants and positions as needed.

45.    At no time during the relevant time periods did Defendants provide Plaintiff with proper wage and hour notices or proper wage statements as required by NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with proper wage and hour notices or proper wage statements.

46.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate

(of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

47.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices and wage statements to Plaintiff, FLSA Collective Plaintiffs and Class members, as required by the NYLL.

48.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

49.     Plaintiff realleges and reavers all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

50.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

52.      At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

53.     At all relevant times, Defendants engaged in a policy and practice of failing to pay the proper wages due to Plaintiff and FLSA Collective Plaintiffs for their hours worked, due to Defendants' time-shaving policy.

54.     At all relevant times, Defendants engaged in a policy and practice of failing to reimburse delivery drivers vehicle expenses in violation of the requirements found in the FLSA.

55.     Records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Class and Collective Action Complaint to set forth the precise amount due.

56.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime premium, due to time-shaving, unpaid reimbursement for tools of the trade expenses, and an equal amount as liquidated damages.  Plaintiff and FLSA Collective Plaintiffs are also entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

59.     Plaintiff realleges and reaver all of the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

60.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

61.     Defendants failed the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

63.     At all relevant times, the Defendants engaged in time-shaving, refusing to compensate Plaintiff and Class Members for all hours that they worked.

64.     At all relevant times, Defendants engaged in a policy and practice of failing to reimburse Driver Subclass members' vehicle expenses in violation of NYLL.

65.     Defendants willfully violated Plaintiff's and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work, including overtime hours.

66.     Defendants willfully violated Plaintiff's and NY Subclass members' rights by failing to pay them spread of hours premiums for shifts of ten (10) hours or more in duration.

67.     Defendants willfully violated Plaintiff's and NY Subclass members' rights by failing to pay them call-in pay when they sent Plaintiff and NY Subclass members home from work early after arriving for their scheduled shifts.

68.    N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-3.3 provides that "[a]n employee who by request or permission of the employer reports for work on any day shall be paid for at least four hours, or the number of hours in the regularly scheduled shift, whichever is less, or at the basic minimum hourly wage."

69.    Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

70.    Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

71.    Due to the Defendants' NYLL violations, Plaintiff, Class members, and NY Subclass members are entitled to recover from Defendants unpaid wages, unpaid reimbursement for tools of the trade expenses, unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

### COUNT III
### VIOLATION OF THE NEW JERSEY LABOR LAW
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

72.    Plaintiff realleges and incorporates all of the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

73.    At all times relevant hereto, Defendants were the "employer" of New Jersey Subclass members who worked at Defendants' supermarkets located in New Jersey.

74.    At all relevant times, New Jersey Subclass members who worked at Defendants' Restaurant located in New Jersey were not exempt from overtime requirements.

75.    Defendant knowingly and willfully violated Plaintiff and New Jersey Subclass members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

76.    At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and New Jersey Subclass members for all hours worked due to a policy of time shaving and a policy of not compensating drivers for all tools of the trade expenses.

77.    Due to the Defendants' wage violations including the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 et seq.; and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a et seq., New Jersey Subclass members who worked at Defendants' Restaurants located in New Jersey are entitled to recover from Defendants unpaid wages including overtime wages, reimbursement for tools of the trade expenses, reasonable attorneys' fees, interest, liquidated damages, statutory penalties and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

   a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL and New Jersey's Wage and Hour Laws;

   b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid compensation, including overtime compensation, due to Defendants' policy of time-shaving under the FLSA, NYLL and New Jersey's Wage and Hour Laws;

d.  An award of unpaid wages due to Defendants' failure to pay spread of hours premiums under the NYLL;

e.  An award of unpaid wages due to Defendants' failure to pay call-in pay under the NYLL;

f.  An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, pursuant to 29 U.S.C. § 216;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and wages for time-shaved hours and off-the-clock work, including overtime hours, pursuant to the NYLL and New Jersey's Wage and Hour Laws;

i.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as a Representative of the Class and NY Subclass; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.

Date: April 5, 2022
New York, New York

Respectfully submitted,

By:  /s/ CK Lee
    C.K. Lee, Esq.
    **LEE LITIGATION GROUP, PLLC**
    C.K. Lee (CL 4086)
    Anne Seelig (AS 3976)
    148 W. 24th Street, 8th Floor
    New York, NY 10011
    Tel.: 212-465-1180
    Fax: 212-465-1181
    *Attorneys for Plaintiff,*
    *FLSA Collective Plaintiffs*
    *and the Class*